NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3300

RANDALL L. MEYER,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Randall L. Meyer, of Milwaukee, Wisconsin, pro se.

Earl A. Sanders, Attorney, Office of Personnel Management, of Washington, DC, for respondent. On the brief were James W. Poirier, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC. Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director; and Steven J. Gillingham, Assistant Director.

Appealed from: United States Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3300

RANDALL L. MEYER,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

—————————————————

DECIDED:  May 1, 2007

—————————————————

Before NEWMAN, LOURIE, and BRYSON, Circuit Judges.

PER CURIAM.


Randall L. Meyer, appearing pro se, appeals the decision of the Merit Systems Protection Board, Docket No. CH844E050173-I-1, affirming the denial of his claim for disability benefits under the Federal Employees Retirement System.  We vacate the Board's decision and remand for reconsideration of Mr. Meyer's petition for review.

BACKGROUND

Mr. Meyer started employment as a mail handler at the United States Postal Service in October 1984. In May 2003 he was removed from service for violation of a last chance agreement. In March 2004 he applied to the Office of Personnel Management for disability retirement benefits, stating that various medical problems interfered with his ability to perform his duties. OPM responded that he had submitted inadequate medical documentation supporting his application. He provided no further information, and in September 2004 OPM denied his application, advising him of his right to appeal to the Board.

Mr. Meyer appealed OPM's reconsideration to the Board, and on the appeal form he designated his cousin, Mr. Kowalski, as his representative. On the appeal petition a hand-written note signed by Mr. Kowalski stated: "Mr. Meyer needs assistance in filing his claims due to mental disability." With the petition several additional documents were submitted, including a letter from Dr. William Anderson of the Department of Veterans Affairs, dated December 7, 2004, explaining that Mr. Meyer was being treated for depression with three separate drugs, and had been under treatment for various ailments, as well as, a one-page letter from Dr. William F. Stineman, dated April 21, 2004, describing Mr. Meyer's back problems since 1986, depression, and other ailments. On March 10, 2005 the AJ issued an order closing the record as of March 28, 2005. In that order the AJ's opinion described the events:

> Appellant was informed at the status conference in this matter that he could not prevail in this action unless he submitted medical records or the testimony of a medical professional. Appellant chose not to submit any medical records or any testimony.

The AJ also referred to the medical documentation that stated that Mr. Meyer had suffered from various ailments since 1986. The AJ observed that Meyer was nevertheless able to work during that period, and that nothing in the records provided by or concerning Mr. Meyer stated that he was or is unable to perform his job functions. The AJ also rejected the argument that Mr. Meyer was not capable of presenting his case:

> There was a hand-written note from an unknown person on Appellant's appeal form claiming that Appellant needed assistance due to a mental illness . . . While a note from Dr. William Anderson indicates that Appellant had been treated for depression . . . nothing in the record indicated that Appellant was not capable of proceeding with case without assistance.

On January 9, 2006 Mr. Meyer, represented by counsel, filed a petition for review by the full Board, and submitted another letter from Dr. Anderson dated December 20, 2005, describing his medical problems. Dr. Anderson's letter referred to Mr. Meyer's ongoing dysfunction and "inability to act on [his] own behalf." Dr. Anderson assessed his medical condition of depression, stating "Fortunately, the [medications] you now take are more effective, but [unfortunately] I expect your depression to be chronic, with a successful return to work being very unlikely." The Board denied the petition, with the statement that there was "no new, previously unavailable evidence." The Board did not mention the additional medical documentation. This appeal followed.

## DISCUSSION

The Federal Circuit does not have authority to find or review the facts of disability; our jurisdiction is limited to determining whether there was a "substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative determination." Lindahl v. Office of Pers. Mgmt., 470 U.S. 768, 791 (1985).

Mr. Meyer states that he did not initially submit multiple physicians' and other statements due to his mental inability to understand what was required. He asks that the additional material submitted with his petition to the full Board be considered.

The letter from Dr. Anderson that was submitted to the Board is significant for two reasons: it contains an explanation of why the materials submitted with the petition for review were previously unavailable ("he was overwhelmed by it all and not capable . . . due to depression"); and it is also evidence of Mr. Meyer's mental disability as early as March 2004, less than a year after he was removed from employment. We recognize that the Board might have concluded that the explanation of Mr. Meyer's untimely submission of the new information was unconvincing, but Dr. Anderson's account of Mr. Meyer's mental problems is both uncontradicted and sufficiently strong that it is reasonable to say that if the Board found Dr. Anderson's letter unpersuasive for some reason, it should have said so rather than simply stating that there was "no new, previously unavailable evidence."

We are cognizant of the following relevant facts bearing on the disposition of the present appeal: (1) OPM did not contradict Dr. Anderson's explanation in its reply to the petition; (2) the Board did not explicitly contradict his explanation; and (3) the Board did not reject Mr. Meyer's new evidence as immaterial, and we decline to impute such a finding to the Board given the possible materiality of the new evidence in light of the record as a whole. In light of the new medical evidence, including Dr. Anderson's second letter, and given the Board's lack of a proper explanation for its decision, we vacate the Board's decision and remand to the Board for consideration of Mr. Meyer's petition for review.